[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16831
_____

D.C. Docket No. 5:13-cv-00110-LGW-RSB

JULIAN RIGBY,
GEORGIA/FLORIDA TOBACCO EXCHANGE, INC.,
Itself and d.b.a. Tennessee Valley Tobacco Services,

Plaintiffs – Appellants,

versus

PHILIP MORRIS USA INC.,
ALTRIA CLIENT SERVICES, INC.,

Defendants – Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 23, 2017)

Before JULIE CARNES and JILL PRYOR, Circuit Judges, and ANTOON,[*] District Judge.

PER CURIAM:

Plaintiffs Julian Rigby and Georgia Florida Tobacco Exchange, Inc. sued Defendants Philip Morris USA, Inc. and Altria Client Services, Inc., alleging breach of contract, promissory estoppel, and fraud[1] after disputes arose during the course of the parties' dealings regarding grading, buying, and selling tobacco. The district court entered an order granting Defendants' motion for summary judgment after excluding—based on untimely disclosure—affidavits from five of Mr. Rigby's fellow growers and graders. On appeal, Plaintiffs challenge both the grant of summary judgment and the exclusion of the affidavits. But the district court did not abuse its discretion by excluding the affidavits, without which there were no disputed material facts precluding summary judgment. Thus, we affirm.

Federal Rule of Civil Procedure 26 prescribes the time and method of disclosure required in the district court. Parties are required to disclose the name and identifying information of persons "likely to have discoverable information – along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). With a few

---

[*] Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

[1] In addition to these claims, Plaintiffs' amended complaint asserted price fixing and additional promissory estoppel claims; however, these were dismissed by the district court for failure to state a cause of action.

exceptions, none of which applies here, the initial disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C). Additionally, the disclosing party has a continuing duty to supplement its disclosure upon learning that a previous disclosure was incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A).

In the event a party fails to disclose a witness as required by Rule 26, that "party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless.*" Fed. R. Civ. P. 37(c)(1) (emphasis added). We review a district court's decision to exclude affidavits for failure to make timely disclosure for abuse of discretion. *Evans v. Books-A-Million*, 762 F.3d 1288, 1295 (11th Cir. 2014). And in determining whether that test has been met, we "consider the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party." *Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 780 (11th Cir. 1982) (citation omitted).

Plaintiffs failed to disclose witnesses as required by Rule 26. In their initial Rule 26(a) disclosure, Plaintiffs listed only Roger Davis—one of the five growers and graders— as a person likely to have discoverable information, but they did so by name only. Plaintiffs thus failed to describe "the subjects of that information"

3

or the means of contacting Davis.  Fed. R. Civ. P. 26(a)(1)(A)(i).  Plaintiffs' failure to disclose the contact information was perhaps excusable, but the failure to include a description of the witness's discoverable information was not. Defendants were not required to blindly search for suit-related information that Plaintiffs possessed but failed to disclose.

Although Plaintiffs supplemented their disclosure and identified the other four growers and graders as possible witnesses, they did so only after the discovery period had ended and Defendants had filed their motion for summary judgment. When Plaintiffs offered affidavits from all five in opposition to the summary judgment motion, Defendants moved to exclude the proffered affidavits.  The district court did not abuse its discretion in excluding the affidavits.  Plaintiffs failed to offer a reason why they could not have discovered earlier and timely disclosed the identities of the affiants and the subjects of the information they possessed.  Thus, the failure to disclose was not substantially justified.   Nor was the nondisclosure harmless:  Even if, as Plaintiffs argue, Defendants knew Plaintiffs' witnesses from prior dealings in the tobacco business, Defendants did not know that Plaintiffs intended to use information they possessed.

We review a grant of summary judgment *de novo*.  *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 507 (11th Cir. 2000).  All factual inferences are viewed in a light most favorable to the non-moving party.  *Id.*

Based on our careful review of the record, we conclude that without the contested affidavits, no issues of material fact existed precluding summary judgment. *See Ellis v. England*, 432 F.3d 1321, 1325–26 (11th Cir. 2005).  Thus, the district court did not err in granting Defendants' motion for summary judgment.

**AFFIRMED.**